# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY ANN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 4266 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Mary Ann Thomas' ("Thomas")
motion for summary judgment and on Defendant Jo Anne Barnhart, Commissioner
of the Social Security Administration's ("SSA") motion for summary judgment.
For the reasons stated below, we deny the motions for summary judgment, and
remand this action to the SSA for further proceedings consistent with this opinion.

## BACKGROUND

Thomas alleges that she is disabled and that her application for Disability
Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") was

wrongfully denied by the SSA. Thomas filed two applications with the SSA claiming an inability to work that she based on ailments from which she alleges she suffered, including ovarian cancer, asthma, injuries to her right hip, and pain in both wrists. Thomas claims that she underwent surgery to remove the cancer in 1999 and that the cancer was in remission until 2004. Thomas also claims she suffers from asthma, for which she takes medicine, and that she has hip and wrist pain. Thomas claims that she is able to stand for approximately ten to fifteen minutes before needing to sit and that she can walk the distance of approximately one block before needing to rest. She also alleges that she is unable to easily lift or carry items and is unable to hold things in her hands due to numbness.

Thomas filed her first application with the SSA in April 2002. This application was denied and Thomas sought no further review of the application. Thomas' second application, which is the matter before this court, was filed in November 2002. Thomas alleged in the application that she was unable to work as of July 29, 2001. Thomas' second application to the SSA was denied initially and again on reconsideration. The administrative law judge ("ALJ") considered the case *de novo* on August 20, 2004, and found that Thomas was not disabled since she remained able to perform her past relevant work. This decision became final upon the Appeals Council's denial of review. Thomas is now seeking review of the SSA's decision to deny her second application for DIB and SSI.

## LEGAL STANDARD

Any party to a hearing before the SSA in which a final decision is reached is entitled to judicial review of the SSA decision. 42 U.S.C. §405(g). The scope of review is limited to ascertaining whether the SSA's decision is supported by substantial evidence and whether the SSA applied the proper legal standard. *Id*. If, on the record before it, the SSA's decision is supported by substantial evidence, the court will not interfere with the SSA's decision. *Id*. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). In evaluating whether there was substantial evidence, the reviewing court must rely on the entire administrative record without reweighing the evidence. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). If the evidence does not substantially support the SSA's decision, the court has the power to enter judgment modifying or reversing the SSA decision, with or without remand. 42 U.S.C. § 405(g). SSA findings of fact are conclusive provided they are supported by substantial evidence, and the court reviews questions of law *de novo*. *Aidinovksi v. Apfel*, 27 F. Supp. 2d 1097, 1101 (N.D. Ill. 1998).

An ALJ, in reaching a decision, must "articulate, at some minimum level, her analysis of the evidence . . . [and] she must provide some glimpse into her reasoning." *Dixon v. Massanari*, 270 F.3d 1171, 1176. This does not require the ALJ to address every piece of evidence or testimony, but merely requires that "an

accurate and logical bridge from the evidence to her (the ALJ['s]) conclusion" be built. *Id*. The reviewing court is to review the SSA's decision according to the rationale provided by the ALJ and it cannot supply the grounds for the decision on its own initiative. *O'Connor v. Sullivan*, 938 F.2d 70, 73 (7th Cir. 1991). The decision must be reviewed according to the explanation articulated by the ALJ at the time the decision was made, and can not be based on theories later advanced by the SSA to support the ALJ's decision. *Steele v. Barnhard*, 290 F. 3d 936, 941 (7th Cir. 2002). The failure to provide such support warrants a remand. *Clifford*, 227 F. 3d at 872-74.

The reviewing court also has the ability to remand the case to the SSA for further action when new evidence is available. 42 U.S.C. § 405(g). The court may order the SSA to take additional evidence before it upon a showing that the evidence is new and material and that there is "good cause" for its not being incorporated previously. *Id*. Upon remand, the SSA shall hear the additional evidence as ordered and may modify or affirm the previous findings of fact or the prior decision or both. *Id*.

## DISCUSSION

Thomas claims that the SSA erred in finding that Thomas was not disabled within the standards of the SSA, and that new evidence requires remanding this case to the SSA. The SSA employs a five-step process to evaluate applicants for federal disability benefits. First, if an applicant is engaged in substantial gainful

employment, that applicant does not qualify for disability benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Second, if the applicant does not have a sufficiently severe physical or mental impairment, the SSA will deny disability benefits. *Id.* Third, if the applicant's impairment or combination of impairments satisfies or is medically equivalent to one of a series of enumerated disability "listings," the SSA will find that the applicant is disabled. *Id.* Fourth, the SSA calculates the applicant's "residual functional capacity" ("RFC") with the impairment, and if the SSA finds that the applicant can still perform the same relevant work after the impairment as before, the SSA will deny benefits. *Id.* Fifth, using the same RFC along with the applicant's age, education and work experience, the SSA determines whether the applicant can adjust to other work, in which case the SSA will deny disability insurance. *Id.*

This process is structured so that if an applicant satisfies steps one through three, the inquiry ends and the SSA finds the applicant disabled. *Knight v. Chater,* 55 F.3d 309, 313 (7th Cir.1995). However, if the applicant satisfies the first two steps but does not satisfy the third, the inquiry proceeds to the fourth and, possibly, the fifth step. *Id.* In the instant action, the parties agree that the fourth step of the five-step analysis is at issue.

I. ALJ Determination of Disability

Thomas claims that the SSA erred in finding that Thomas was not disabled

within the standards of the SSA.  Specifically, Thomas claims that the ALJ "erred in finding Ms. Thomas could perform medium work without considering her impairments in light of the functional demands of medium work."  (P. Mot. 10).  Thomas claims that she is unable to perform the tasks required under the medium work category, and asserts that she is unable to lift or carry anything due to hip, back, and wrist pain.  The medium work category requires the ability to lift and carry 25 pounds frequently and up to 50 pounds occasionally, as well as an ability to stand or walk for six hours out of an eight-hour work day.  SSR 83-10.  Thomas supports her claim with a residual functional capacity ("RFC") report from Dr. Nepomuceno ("Nepomuceno"), the doctor who she labels as her "treating doctor."  (P. Mot. 6, 12).  The RFC indicates that Nepomuceno believed that Thomas' symptoms will persist for twelve months or longer.  (AR 326-27).  Nepomuceno also indicated that Thomas experienced the pain "frequently" during the day and, in his opinion, was incapable of performing even "low stress" jobs.  (AR 328).  Nepomuceno based this determination upon his assessment that Thomas is unable to sit for more than two hours, stand for more than one hour, or walk for more than one block.  (AR 330-31).  Nepomuceno also found that Thomas was unable to meet the lifting requirements associated with the medium work category.  (AR 330).

According to Thomas, the ALJ rejected the opinion of Nepomuceno, and instead gave "controlling weight to the RFC by the state agency doctor who reviewed Ms. Thomas's records."  (Mot. 11).  Thomas argues that such reliance was

an error because the state agency doctor ("Dr. Pilapil") did not consider the x-rays

that were ordered by Nepomuceno in 2004 ("2004 x-rays"). Thomas also argues that

the ALJ erred in rejecting Nepomuceno's opinions because Nepomuceno was

Thomas' treating physician. The Seventh Circuit has stated that "[a]n ALJ can reject

an examining physician's opinion only for reasons supported by substantial evidence

in the record; a contradictory opinion of a non-examining physician does not, by

itself, suffice." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003); *see also*

*Hawkins v. First Union Corporation Long-Term Disability Plan*, 326 F.3d 914, 917

(7th Cir. 2003)(citing *Dixon*, 270 F.3d at 1177, for the idea that "physicians naturally

tend to support their patients' disability claims, and so we have warned against 'the

biases that a treating physician may bring to the disability evaluation'").

We agree with Thomas that the ALJ cannot simply state that it is giving

"controlling weight" to Dr. Pilapal, who was not Thomas' treating physician,

without explaining why Dr. Pilapal deserved controlling weight, especially if Dr.

Pilapal did not receive all of the relevant information before making a determination.

The SSA argues that "the medical evidence in the record that was submitted after Dr.

Pilapal provided his opinion would not have changed his mind." (Resp. 10). The

SSA, however, cannot at this point in the litigation make post hoc determinations

regarding whether a physician's opinion would have been the same it he had been

provided a complete medical record.

We also agree with Thomas that the ALJ did not sufficiently explain its

rejection of Nepomuceno's opinion regarding Thomas' disability. Nepomuceno was Thomas' treating physician who saw Thomas several times since 2001. The ALJ's discussion of the evidence does not explain his reasons for rejection Nepomuceno's opinion, and instead states simply that Nepomuceno's "opinion is not well-supported . . . ." (AR 19). Such conclusory statements are not sufficient to show the "substantial evidence in the record" that is necessary before an ALJ can reject a treating physician's opinion. *Gudgel*, 345 F.3d at 470. Accordingly, we find that the ALJ did not properly articluate its reasons for rejecting Nepomuceno's opinion or for giving Dr. Pilapal controlling weight , and remand the instant action to the SSA to reconsider Thomas' application in light of this opinion. We deny the motions for summary judgment to the extent that they were based on the ALJ's decision.

### II. New Evidence

Thomas also argues that this action should be remanded to the SSA based on new evidence. Thomas submitted this new evidence, which she claims relates to her cancer and depression, to the Appeals Council, but the Appeals Council failed to consider the evidence. Thomas bases her arguments on 20 C.F.R. § 404.970 (b), which provides that "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §

404.970(b). The provisions in 20 C.F.R. § 404.970(b) do not provide that a petitioner must provide good cause for not raising the evidence at an earlier point. 20 C.F.R. § 404.970 (b). If a court finds that the Appeals Council erred in not considering new material evidence, the court should remand the case to the SSA. *Eads v. Secretary of Dept. of Health and Human Serv*, 983 F.2d 815, 818 (7th Cir. 1993). We review the Appellate Council's decision to not hear new material evidence *de novo*. *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997).

In the instant action, Thomas' new evidence relates to a finding that she has clinical depression and that her cancer is not in full remission. Thomas sought disability benefits based on "ovarian cancer, asthma, right hip and wrist pain." (AR. 46). The ALJ made his determination based on the understanding that the ovarian cancer had been completely removed, as was reflected by the evidence at the time. (AR 16-17). The May 2004 test results showing the presence of cancer contradicts an underlying assumption of the ALJ's decision, and the fact that Thomas' cancer may have returned carries with it the reasonable probability that the new evidence would have impacted the ALJ's determination. It was therefore improper for the Appeals Council to summarily discount this new evidence. A similar finding must be reached regarding the issue of Thomas' depression diagnosis. The ALJ did not have any evidence regarding Thomas' potential depression at the time he made his decision, and such a diagnosis could be the basis for determining that Thomas was disabled, particularly in light of the fact that Thomas was prescribed an anti-

depressant medicine.  (AR 384); *see also Wilder v. Chater*, 64 F.3d 335, 337

(1995)(stating that "[s]evere depression is not the blues" and thus is a legitimate

basis for finding a SSA applicant disabled).  Therefore, we find that the Appeals

Council erred in not considering the new evidence presented by Thomas, and

remand the action to the SSA to consider this new evidence.  We deny Thomas' and

the SSA's motions for summary judgment to the extent that they relate to Thomas'

new evidence.


## CONCLUSION

Based on the foregoing analysis, we deny the parties' motions for summary

judgment.  We also remand the action to the SSA for further proceedings consistent

with this opinion.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   June 26, 2006